UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN NUNEZ-MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>Defendants. | Case No. EDCV 19-514-DMG (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff Martin Nunez-Martinez ("Nunez-Martinez"), proceeding pro se, filed a Complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) ("<u>Bivens</u>")[1] against defendants United States of America and C. Swain and Martin Hernandez in their individual and official capacities for deliberate indifference in violation of the Eighth

---

[1] While Nunez-Martinez states the Complaint is filed pursuant to 42 U.S.C. § 1983 ("§ 1983"), the named defendants are federal employees. "Actions under § 1983 and those under <u>Bivens</u> are identical save for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>." <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991). Hence, the Court construes the Complaint as one brought pursuant to <u>Bivens</u>.

Amendment. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.

## **THE COMPLAINT**

On February 22, 2019, Nunez-Martinez, a federal prisoner currently confined at Federal Correctional Institute Victorville Medium I ("FCI-I Victorville"), constructively filed[2] the Complaint. ECF Docket No. ("Dkt.") 1. Nunez-Martinez alleges that prior to his transfer to FCI-I Victorville, he had open heart surgery to replace a heart valve. Id. at 2. He alleges, however, the implanted heart valve is defective and needs to be replaced because it rattles when he lies down and exerts himself; and pressure builds up in his chest when he sneezes. Id. Nunez-Martinez alleges the "BOP's medical staff at FCI-I Victorville," has refused to provide him with proper medical care based on discriminatory policies "and based on [Nunez-Martinez]'s immigration status and national and ethnic orig[i]n." Id. Nunez-Martinez alleges the "United States of America, the Bureau of Prisons ["BOP"] through its representative, Warden C. Swain's actions," violated his rights under the Eighth Amendment to "medical care for 'serious medical needs.'" Id. at 3. In addition, Nunez-Martinez alleges the "BOP" refused to provide him with medical care for his serious medical need and the "BOP's medical staff's failure" to treat his condition has resulted in "extreme and now chronic pain". Id.

Nunez-Martinez seeks compensatory and punitive damages as well as injunctive relief requiring defendant Swain and "the BOP's medical staff at FCI-I Victorville" to provide Nunez-Martinez with the medical care he requires. Dkt. 1 at 4.

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"); Mayer v. Redix, No. CIV S-10-1552 GGH P, 2012 WL 360202, at *7 n.22 (E.D. Cal. Feb. 2, 2012) on reconsideration, 2012 WL 1082044 (E.D. Cal. Mar. 30, 2012) (applying the "mailbox rule" to a Bivens action).

2

# III.

# **STANDARD OF REVIEW**

Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of

underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

### IV.

### DISCUSSION

**A. ALL CLAIMS AGAINST THE UNITED STATES AND DEFENDANTS SWAIN AND HERNANDEZ IN THEIR OFFICIAL CAPACITY AND CLAIMS FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS SWAIN AND HERNANDEZ IN THEIR INDIVIDUAL CAPACITY ARE BARRED BY SOVERGN IMMUNITY**

**1. Applicable Law**

"[A] Bivens suit against a defendant in his or her official capacity [is] merely . . . another way of pleading an action against the United States, which [is] barred by the

4

doctrine of sovereign immunity." Consejo de Desarrollo Economico de Mexicali, A.C., 482 F.3d 1157, 1173 (9th Cir. 2007) (internal quotation omitted). "By definition, Bivens suits are individual capacity suits and thus cannot enjoin official government action." Solida v. McKelvey, 820 F.3d 1090, 1094 (9th Cir. 2016). Put another way, "[t]here is no such animal as a Bivens suit against a public official tortfeasor in his or her official capacity." Id. at 1094-95 (internal quotation omitted). Moreover, "[t]he only remedy available in a Bivens action is an award for monetary damages from defendants in their individual capacities." Id. at 1093.

### 2. Analysis

Here, Nunez-Martinez's claims against the United States of America and defendants Swain and Hernandez in their official capacity are barred by sovereign immunity. See Jones v. Entzel, No. 2:16-CV-08777-FMO (GJS), 2017 WL 2240206, at *3 (C.D. Cal. Mar. 30, 2017), report and recommendation adopted, 2017 WL 2233618 (C.D. Cal. May 22, 2017) (dismissing claims against defendants in their official capacity with prejudice and without leave to amend). In addition, Nunez-Martinez's claims against defendants Swain and Hernandez in their individual capacity for injunctive relief are similarly barred. See id. (dismissing claim for injunctive relief against defendants in their individual capacity with prejudice and without leave to amend).

## B. THE COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM FOR DELIBERATE INDIFFERENCE AGAINST DEFENDANTS SWAIN OR HERNANDEZ

### 1. Applicable Law

Prison officials "violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (citation, internal quotation marks, and alterations omitted); Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); West v. Atkins, 487 U.S. 42, 54, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). To assert a

deliberate indifference claim, a prisoner plaintiff must show the defendant (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

"A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." Peralta, 744 F.3d at 1081 (citations and internal quotation marks omitted). "A prison official is deliberately indifferent to [a serious medical] need if he knows of and disregards an excessive risk to inmate health." Id. at 1082 (citation and internal quotation marks omitted). This "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations and internal quotation marks omitted). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (citation and internal quotation marks omitted).

"Deliberate indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citation and internal quotation marks omitted). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted) cert. denied, 519 U.S. 1029, 117 S. Ct. 584, 136 L. Ed. 2d 514 (1996). A plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Id. at 331.

In addition, "each government official, his or her title notwithstanding, is only liable for his or her own misconduct." OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (quoting Iqbal, 556 U.S. at 677). Accordingly, a defendant's

6

"senior position does not by itself make [him or her] liable for [constitutionally violative action] perpetrated by subordinates; rather, [he or she] must have engaged in culpable action or inaction [himself or herself]." Id. Rather, to state a valid Bivens claim, "a plaintiff must plead that each government-official defendant, through the official's own individual actions, ha[s] violated the Constitution." Id.

### 2. Analysis

Here, Nunez-Martinez fails to allege any facts supporting a deliberate indifference claim against defendants Swain or Hernandez in their individual capacity. Nunez-Martinez alleges the "United States of America, the Bureau of Prisons through its representative, Warden C. Swain's actions," violated his rights under the Eighth Amendment. Dkt. 1 at 3. This conclusory allegation does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. Moreover, Nunez-Martinez does not ever describe defendant Swain's "actions." Defendant Swain's position as warden does not by itself make her liable for any alleged Eighth Amendment violation. See OSU Student Alliance, 699 F.3d at 1069.

Nunez-Martinez also alleges the "BOP" refused to provide him with medical care for his serious medical need and the "BOP's medical staff's failure" to treat his condition has resulted in "extreme and now chronic pain". Dkt. 1 at 3. Once again, such conclusory allegations fail to contain sufficient factual matter to state a claim for relief. Iqbal, 556 U.S. at 678. In addition, Nunez-Martinez does not name the individual who he alleges refused him treatment. To the extent the Court could construe the reference to the "BOP medical staff" to indicate defendant Hernandez, Nunez-Hernandez fails to allege facts establishing defendant Hernandez was aware of Nunez-Martinez's condition. Similarly, Nunez-Hernandez fails to allege facts describing actions defendant Hernandez took (or failed to take) that resulted in a denial of treatment. Hence, Nunez-Martinez fails to state a claim for deliberate indifference against defendants Swain or Hernandez in their individual capacity.

# V.

# **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims

8

asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

///
///
///
///
///
///

9

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: March 29, 2019

/s/ *Kenly*

HONORABLE KENLY KIYA KATO
United States Magistrate Judge